IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONICA ANGULO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:24-CV-435-RP |
| | § | |
| GRAVITY FUNDING, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Monica Angulo ("Monica"), proceeding *pro se*, removed this action on April 22, 2024. (Not. Removal, Dkt. 1). Plaintiffs Roberto Angulo, Alba Angulo, Angela Angulo, and Sandra Angulo (collectively with Monica, "the Angulos") then filed another notice of removal on May 16, 2024. (Dkt. 3). Before the Court is Defendants Gravity Funding, LLC ("Gravity") and David Knudson's (collectively, "Defendants") motion to remand. (Dkt. 5). Neither the Angulos nor Plaintiff Authentic Hospitality Group, Inc. ("AHG") filed a response in opposition.

The Local Rules of the United States District Court for the Western District Court of Texas stipulate that responses to non-discovery or case management motions shall be filed no later than 14 days after the filing of the motions. W.D. Tex. Loc. R. CV-7(d)(2). "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." *Id.* Plaintiffs' response to the motion to remand was due no later than June 5, 2024. Therefore, the Local Rules authorize this Court to grant the motion to remand as unopposed. Out of an abundance of caution, the Court analyzes the motion on its merits, treating the facts alleged by Defendants as unopposed. Having considered the motion, the applicable law, and the record, the Court finds Defendants' motion should be granted.

## I. BACKGROUND

This case is the latest in a series of disputes between the parties over a loan that was secured by certain real property (the "Properties") located in Texas. Gravity funded a $2.2 million commercial loan to third-party Mexican Restaurant Group, LLC and Plaintiff AHG, entities controlled by the Angulos. This loan was secured by the Properties, which are in Travis and Bastrop Counties. (Mot. Remand, Dkt. 5, at 2). The Angulos never made any loan payments and defaulted on the loan when it matured in 2019. (*Id.* at 3). Gravity repeatedly attempted to foreclose on the Properties and the Angulos moved to block these foreclosures by filing multiple bankruptcy actions in the Southern District of Florida, all filed just a few days before the foreclosure sale. (*Id.*). After Gravity obtained relief from the automatic stay in those bankruptcy proceedings, it proceeded with its foreclosure sales of the Properties on September 1, 2020. At the foreclosure sales, Gravity purchased all the Properties via credit bid against the amount due under the loan. (*Id.*).

After failing to prevent the foreclosures, the Angulos brought legal proceedings against Gravity in an attempt to recover the Properties (the "2020 Lawsuits"). (*Id.*). On September 25, 2020, the Angulos filed copycat wrongful foreclosure suits in Travis and Bastrop Counties alleging that all foreclosures conducted during the pandemic should be rescinded due to violating certain Texas executive orders regulating public gatherings and recorded corresponding *lis pendens* against the Properties. The district courts in both Travis and Bastrop Counties recognized the Angulos were unlikely to prevail on their claims and granted Gravity's motion to expunge these *lis pendens*. (*Id.*). After their *lis pendens* were expunged, the Angulos agreed to settle the 2020 Lawsuits. Pursuant to the agreement signed by the Angulos (the "Settlement Agreement"), Gravity agreed to convey a small two-acre parcel of land to Angela and Sandra Angulo, and the Angulos confirmed Gravity's ownership of the remaining portions of the Properties. The Angulos also released all possible claims

against Gravity relating to the Properties or the foreclosures and promised not to initiate any further legal challenges to Gravity's ownership interest. (*Id.* at 4).

However, after the Angulos learned that Gravity was under contract to sell the final portion of the Properties, the Angulos filed the instant suit in state court in June 2022, alleging that Gravity had made verbal promises while negotiating the Settlement Agreement to sell the Properties to the Angulos. (*Id.*). The Angulos once again filed a *lis pendens* against the remaining portions of the Properties, and the Travis County District Court once again granted Gravity's Motion to Expunge on October 17, 2022. Gravity filed counterclaims for breach of the Settlement Agreement and related causes of action on February 28, 2023. (*Id.*). After discovery, Gravity filed a no-evidence motion for summary judgment, seeking dismissal of the Angulos' claims and entry of judgment on Gravity's counterclaims. The motion for summary judgment was set for a hearing before the Travis County District Court on April 23, 2024. (*Id.* at 4–5).

On the eve of the hearing, on April 22, 2024, Monica Angulo instead filed a *pro se* notice of removal with this Court. (Dkt. 1). On May 16, 2024, the remaining Angulo Plaintiffs filed a subsequent *pro se* notice of removal. (Dkt. 3). Neither notice of removal was joined by AHG. In the notice of removal, the Angulos claim that they are allowed to remove this case due to Gravity's counterclaims, which made them counter-defendants in the state court. (Not. Removal, Dkt. 1, at 1). Monica claims that removal is proper on the basis of diversity citizenship, alleging that Gravity "is a limited liability company formed under the laws of the State of Utah" and Monica is a resident of the state of Florida. (*Id.* at 2). Monica does not allege the citizenship of the other parties. Monica also claims that removal is proper on the basis of federal question jurisdiction because the Angulos have brought a claim for an alleged violation of the Federal Debt Collection Practices Act. (*Id.* at 2–3). The remaining Angulos make substantially the same arguments in their subsequent notice of removal. (*See* Dkt. 3). However, as to citizenship of the parties, they note that "[t]he Angulos are

3

residents of Texas, others the State of Florida and other residents outside of the United States, being Columbia South America [sic]." (*Id.* at 3).

On May 22, 2024, Defendants filed the instant motion to remand, arguing that removal was procedurally improper for several reasons. (Mot. Remand, Dkt. 5). Defendants also request costs, fees and expenses incurred in bringing the motion to remand under 28 U.S.C. § 1447(c). (*Id.* at 9). Plaintiffs have not filed a response to the motion to remand.

## II. MOTION TO REMAND

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal; or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, contested issues of fact and ambiguities of law are resolved in favor of remand. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

Defendants argue that the Angulos' removal violated 28 U.S.C. § 1446 and was procedurally improper for several reasons: (1) The removal violated the requirement that only defendants, not plaintiffs, can seek removal to federal court; (2) the removal violated the requirement that a defendant must seek removal within 30 days of being served process; and (3) the removal violated

the requirement that a case cannot be removed on the basis of diversity jurisdiction more than one year after commencement of the action. (Mot., Dkt. 5, at 5). The Court agrees.

The removal statutes specify that only defendants can remove actions to federal court. *See* 28 U.S.C. §§ 1441, 1446. The fact that Defendants filed counterclaims against the Angulos does not alter this requirement because "it is a well-established rule that only a defendant can remove a case and not a counter-defendant." *Impact Fire Servs., LLC v. Osborne*, No. 6:19-CV-00176, 2019 WL 7761429, at *1 (W.D. Tex. Nov. 25, 2019), *report and recommendation adopted*, 2019 WL 7761434 (W.D. Tex. Dec. 11, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also In re Crystal PowerCo., LTD.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("[W]hen a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants."). Accordingly, as the original plaintiffs of this action, the Angulos were barred from removing this case.

The Angulos' removal was also untimely. Section 1446(b)(1) requires that for all cases "the notice of removal . . . shall be filed within 30 days" after the defendant has been served with the plaintiff's "initial pleading . . . [or] summons." For diversity cases, Section 1446(c)(1) further requires that a case "may not be removed . . . more than 1 year after commencement of the action." Even if Gravity's counterclaims qualified as the "initial pleading" for purposes of this analysis, Defendants' counterclaims were filed and served in February 2023, over one year ago. (*See* Counterclaims, Dkt. 5-4). Therefore, even if the Angulos could have removed this case, their deadline for doing so has long passed. Because the Angulos' removal is procedurally improper, the Court grants Defendants' motion to remand.

### III. ATTORNEY'S FEES

Defendants also ask the Court to require the Angulos to pay the reasonable attorney's fees and expenses incurred seeking remand of this action. (Mot., Dkt. 5, at 9). Under § 1447(c), the court has discretion to award attorney's fees and costs incurred as a result of removal. But that discretion is cabined. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The party seeking recovery under the statute has the burden of proving entitlement to attorney's fees. *See Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988).

The Court concludes that Defendants are entitled to an award of attorney's fees and costs because the Angulos lacked an objectively reasonable basis for seeking removal. As explained above, it is undisputed that under well-established law the Angulos—even in their capacity as counter-defendants—were barred from removing this case. Even if this Court were to accept that the Angulos acted reasonably in believing that counter-defendants can remove a case, the plain text of the removal statute reveals that the Angulos' removal was untimely. To the contrary, it appears that the Angulos had a bad faith purpose in removing this action. They filed their notice of removal on the eve of a hearing for summary judgment to delay the resolution of this case. Their decision to remove this case *pro se*—even though it appears that the Angulos have been represented by counsel for the last two years in the state court action—also suggests that the Angulos knew that their removal was improper. Because the Angulos lacked an objectively reasonable basis for removing this case to federal court and had a dilatory motive for removal, Defendants are entitled to attorney's fees and costs under 28 U.S.C. § 1447(c). *See Service Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp. 2d

626, 630–31 (E.D. Tex. 2000) (granting fees to the plaintiff because the removal was filed over twenty-two months after the commencement of the action in state court).[1]

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' motion to remand, (Dkt. 5), is **GRANTED**. This action is **REMANDED** to the 250th Judicial District Court of Travis County, Texas.

**IT IS FURTHER ORDERED** that Defendants' request for attorney's fees and costs in light of the Angulos' improper removal is **GRANTED**. Defendants shall file a motion for reasonable attorney's fees and costs by **July 1, 2024**.

**IT IS FURTHER ORDERED** that the Angulos' motion for a hearing, (Dkt. 4), is **MOOT**.

**IT IS FINALLY ORDERED** that this case is **CLOSED**.

SIGNED on June 17, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because AHG is the only plaintiff that did not join in the notice of removal, the Court finds that AHG is not liable for the award of attorney's fees and costs. Only the plaintiffs that joined in the removal of this case—Monica Angulo, Roberto Angulo, Alba Angulo, Angela Angulo, and Sandra Angulo—are jointly and severally liable for the fees and costs.